## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

PERRY CAPITAL, LLC,

                Appellant,

      v.

JACOB J. LEW, et al.,

                Appellees.

Nos. 14-5243 (L),
14-5254 (con.),
14-5260 (con.),
14-5262 (con.)

## APPELLANTS' PROPOSAL ON BRIEFING FORMATS

Pursuant to this Court's December 17, 2014 Order, Appellants Perry Capital, LLC ("Perry Capital"); Acadia Insurance Company, Admiral Indemnity Company, Admiral Insurance Company, Berkley Insurance Company, Berkley Regional Insurance Company, Carolina Casualty Insurance Company, Fairholme Fund, Fairholme Funds, Inc., Midwest Employers Casualty Insurance Company, Nautilus Insurance Company and Preferred Employers Insurance Company (collectively, "Fairholme"); and Arrowood Indemnity Company, Arrowood Surplus Lines Insurance Company and Financial Structures (collectively, "Arrowood") (together, the "Institutional Plaintiffs"); and Appellants 111 John Realty Corp., Melvin Bareiss, Joseph Cacciapelle, John Cane, Francis J. Dennis, Marneu Holdings Co., Michelle

M. Miller and United Equities Commodities, Co. (collectively, the "Class Plaintiffs"), hereby present their proposal on briefing formats.

Appellants propose to file two Principal Briefs totaling 28,000 words: one Principal Brief of 17,000 words on behalf of the Institutional Plaintiffs addressing their claims for injunctive relief under the Administrative Procedure Act ("APA") and the common law; and one Principal Brief of 11,000 words on behalf of the Class Plaintiffs addressing their claims for damages under the common law and the Fifth Amendment's Takings Clause.  Appellants also propose that the Institutional Plaintiffs and the Class Plaintiffs file separate Reply Briefs totaling 8,500 words and 5,500 words, respectively.  In the alternative, Appellants propose to file a single Principal Brief of 28,000 words and a single Reply Brief of 14,000 words.

## Background

These consolidated appeals challenge the August 2012 decision by the Federal Housing Finance Agency ("FHFA"), as conservator for Fannie Mae and Freddie Mac, to amend the Companies' then-four-year-old stock purchase agreement with the Department of the Treasury ("Treasury").  That 2012 amendment, known as the "Sweep Amendment," fundamentally altered the structure of how Treasury would be compensated for the financial assistance it provided to the Companies following the financial crisis of 2008.  Prior to the Sweep Amendment, if the Companies elected to pay cash dividends to Treasury, Treasury was entitled to re-

2

ceive a 10 percent annual dividend, paid quarterly, based on the amount of money that the Companies had received from Treasury; the Sweep Amendment replaced that 10 percent dividend with a "net-worth sweep," in which Treasury would receive the Companies' entire net worth (minus a declining capital cushion) every quarter. In 2013 alone, Treasury collected $130 billion from the Companies under the Sweep Amendment.

Appellants—aggrieved investors in the Companies' preferred stock—sued in the district court under various theories: (1) claims for injunctive relief under the APA brought by Perry Capital, Fairholme, and Arrowood; (2) common law claims seeking damages and injunctive relief for breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty brought by Fairholme, Arrowood, and the Class Plaintiffs; and (3) takings claims under the Fifth Amendment for damages brought by the Class Plaintiffs. Following extensive briefing in which the Institutional Plaintiffs submitted opening briefs totaling 134 pages, and a reply brief totaling 50 pages, while the Class Plaintiffs submitted a single brief totaling 75 pages, the district court dismissed all claims in a 52-page decision. Appellants then brought this appeal from the district court's order.

## Appellants' Separate Principal Briefs And Reply Briefs

Good cause exists for allowing Appellants to present their respective arguments in separate, non-overlapping principal briefs and reply briefs. Given the

unique nature of each set of claims, there is no danger that Appellants' proposal will present the Court with repetitious submissions.

Under this proposal, the Institutional Plaintiffs would file a Principal Brief addressing their claims for injunctive relief under the APA and common law. The APA section of the Institutional Plaintiffs' Brief would argue that FHFA violated the APA by exceeding its conservatorship authority under the Housing and Economic Recovery Act of 2008, Pub. L. No. 110-289 ("HERA"), because, among other things, FHFA's decision to give all of Fannie Mae's and Freddie Mac's net worth to Treasury did not "preserve and conserve" the Companies' assets, nor did it act to "put the Companies" in a "sound and solvent" condition. *See* 12 U.S.C. § 4617(b)(2)(D). The APA section also would argue that Treasury's decision to execute the Sweep Amendment violated the APA because Treasury did so after its authority under HERA to act with respect to the Companies' securities expired on December 31, 2009, 12 U.S.C. §§ 1455(*l*)(4), 1719(g)(4), and because Treasury acted arbitrarily and capriciously, 5 U.S.C. § 706(2)(A). The common law claims section of the Institutional Plaintiffs' Brief would argue that the district court erred by dismissing the claim that, by executing the Sweep Amendment, FHFA breached fiduciary duties to the Companies' shareholders. Perry Capital, Fairholme, and Arrowood would file a Joint Reply Brief limited to rebutting Appellees' arguments only as they relate to the APA claims and common law claims.

The Class Plaintiffs also would submit a separate brief addressing their claim that the Sweep Amendment constituted a taking without just compensation in violation of the Fifth Amendment and their derivative and direct claims for damages under the common law. The Class Plaintiffs would submit a separate Reply Brief limited to rebutting Appellees' arguments only as they relate to the takings claims and common-law damages claims.

This briefing allocation not only avoids overlapping topics, but also supports efficiency and avoids presenting potentially adversarial legal theories in a single submission. *First*, the Institutional Plaintiffs worked together according to the district court's coordinated briefing schedule, and submitted joint APA briefing, while the Class Plaintiffs coordinated briefing amongst themselves. The proposal preserves the parties' working relationships in the district court and likely will result in more efficient briefing. *Second*, the Government has argued that the APA claims and takings claims rely on potentially adverse legal theories. In particular, the Government has argued that if a plaintiff makes a claim that "necessarily hinges" on an "allegation that FHFA exceeded its statutory authority," then "just compensation for a taking is not an available remedy." *See* Defendant's Motion to Dismiss at 17-18, *Fairholme Funds, Inc. v. United States*, No. 13-465C (Fed. Cl. Dec. 9, 2013), ECF No. 20 (quotation marks omitted). Although Appellants do not agree with this argument, if the Government were correct, a ruling in favor of the

Institutional Plaintiffs' claims that Treasury and FHFA acted in excess of their statutory authority could prove harmful to the Class Plaintiffs' takings claims. Providing the Class Plaintiffs with a separate brief on their takings claims will avoid any arguable tension that would arise within a single brief for all Appellants.

This Court has allowed parties to present separate briefs in appeals involving complex, non-overlapping issues like those presented here. *See* Order, *Verizon v. FCC*, No. 11-1355 (D.C. Cir. May 25, 2012) (allowing three different petitioners to each file separate briefs where the parties held conflicting positions); *EME Homer City v. EPA*, No. 11-1302 (D.C. Cir. Jan. 18, 2012) (allowing two petitioners to each file separate briefs). Accordingly, Appellants submit that they should be allowed to file separate, non-overlapping Principal Briefs and Reply Briefs.

## Word Allotments For Appellants' Briefs

Treasury and FHFA have informed counsel that they intend to submit a separate proposal in which each agency would submit separate Principal Briefs of 14,000 words each, giving Appellees Principal Briefs totaling 28,000 words.

Appellants propose that they file separate Principal Briefs totaling 28,000 words: the Institutional Plaintiffs would file a Principal brief totaling 17,000 words and a Reply Brief totaling 8,500 words; the Class Plaintiffs would file a Principal Brief totaling 11,000 words and a Reply Brief totaling 5,500 words. If the Court does not adopt Appellants' proposal to file separate briefs, Appellants respectfully

propose to file a single Principal Brief of 28,000 words and a single Reply Brief of 14,000 words.

Permitting Appellants to file Principal Briefs totaling 28,000 words is appropriate for at least five reasons. *First*, these consolidated appeals concern several independent issues—violations of the APA; breaches of contract and fiduciary duties; and takings without just compensation—each of which was extensively briefed in the district court. *Second*, Appellants here have divergent interests, *see supra*, and therefore may require additional words to articulate their unique positions on particular issues. *Third*, the issues in this appeal implicate the federal government's management of two of the most important institutions to the United States' economy, and questions whether Treasury had, and continues to have, the legal authority to seize hundreds of billions of dollars from Fannie Mae and Freddie Mac. *Fourth*, Appellants' proposal to file two Principal Briefs totaling 28,000 words requests only half of what the Federal Rules of Appellate Procedure would otherwise permit for four separate groups of appellants. *See* Fed. R. App. P. 32(a)(7)(B)(i); D.C. Cir. R. 32(a). *Fifth*, Treasury and FHFA are proposing to file Principal Briefs totaling 28,000 words to defend their actions—Appellants are entitled to similar treatment.

Dated: January 16, 2015                     Respectfully submitted,

/s/ Theodore B. Olson                        /s/ Charles J. Cooper
Theodore B. Olson                            Charles J. Cooper
Douglas R. Cox                               Brian W. Barnes
Matthew D. McGill                            Howard Curtis Nielson, Jr
GIBSON, DUNN & CRUTCHER LLP                  Peter A. Patterson
1050 Connecticut Avenue, N.W.                David H. Thompson
Washington, D.C.  20036                      COOPER & KIRK, PLLC
Telephone:  202.955.8500                     1523 New Hampshire Avenue, N.W.
Facsimile:  202.467.0539                     Washington, D.C.  20036
                                             Telephone:  202.220.9600
Janet M. Weiss                               Facsimile:  202.220.9601
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue                              *Counsel for Fairholme Funds, Inc., et al.*
New York, N.Y.  10166
Telephone:  212.351.3988
Facsimile:  212.351.5234


*Counsel for Perry Capital LLC*


/s/ Drew W. Marrocco
Drew W. Marrocco                             Michael H. Barr
DENTONS US LLP                               Richard M. Zuckerman
1301 K Street, N.W., Suite 600, East Tower   Sandra D. Hauser
Washington, D.C. 20005                       DENTONS US LLP
Telephone:  202.408.6400                     1221 Avenue of the Americas
Facsimile:  202.408.6399                     New York, N.Y.  10020
                                             Telephone:  212.768.6700
                                             Facsimile:  212.768.6800


*Counsel for Arrowood Indemnity Co., et al.*

8

/s/ Hamish P.M. Hume

Hamish P.M. Hume
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W.,
Suite 800
Washington, D.C.  20015
Telephone: 202-237-2727
Facsimile: 202-237-6131
hhume@bsfllp.com

David L. Wales
BERNSTEIN LITOWITZ BERGER &
GROSSMAN LLP
1285 Avenue of the Americas
New York, N.Y. 10019
Telephone: 212-554-1409
Facsimile: 212-554-1444

Blair A. Nicholas
David R. Kaplan
BERNSTEIN LITOWITZ BERGER &
GROSSMAN LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: 858-793-0070
Facsimile: 858-793-0323
blairn@blbglaw.com
davidk@blbglaw.com

Jay W. Eisenhofer
GRANT & EISENHOFER, PA
485 Lexington Avenue
New York, N.Y. 10017
Telephone: 646-722-8500
Facsimile: 646-722-8501
jeisenhofer@gelaw.com

Geoffrey C. Jarvis
Michael J. Barry
GRANT & EISENHOFER, PA
123 Justison Street
Wilmington, DE 19801
Telephone: 302-622-7000
Facsimile: 302-622-7100
gjarvis@gelaw.com
mbarry@gelaw.com

Lee D. Rudy
Eric L. Zagar
Matthew A. Goldstein
KESSLER TOPAZ MELTZER &
CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
Facsimile: 610-667-7056

*Interim Co-Lead Class Counsel for Class Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on this 16th day of January, 2015, I caused the foregoing to be filed with the Clerk of the United States Court of Appeals for the D.C. Circuit using the appellate CM/ECF system.  Service was accomplished on the following persons by the appellate CM/ECF system:

Mark B. Stern
Alisa B. Klein
Abby Christine Wright
U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
Telephone: 202-514-2000
mark.stern@usdoj.gov
alisa.klein@usdoj.gov
abby.wright@usdoj.gov

*Counsel for the U.S. Department of the Treasury and Secretary Jacob J. Lew*

Howard N. Cayne
Asim Varma
David B. Bergman
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
Howard.Cayne@aporter.com
Asim.Varma@aporter.com
David.Bergman@aporter.com

*Counsel for Defendants Federal Housing Finance Agency and Director Melvin L. Watt*

/s/ Theodore B. Olson
        Theodore B. Olson